David Stills, Chief Legal Officer Arkansas State Police #1 State Police Plaza Drive Little Rock AR 72209
Dear Mr. Stills:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), a provision of the Freedom of Information Act (FOIA), concerning the release of a certain record that has been requested of the Arkansas State Police.
You indicate that the Arkansas State Police has received a request for "the complete rankings of all ASP Lieutenant and Sergeant promotional candidates from the March 1999 promotional examination." The request does not ask for the actual scores of the individual candidates, but rather for the overall rankings.
You state that the record that would be responsive to this request is a rank order list of the individuals to whom the examination was administered, not showing their actual scores, but showing how these individuals performed on the test in relation to each other. You have determined that this record constitutes the "personnel record" of the individuals on the list and that under the FOIA' standard for the release of personnel records, it should not be released.
I am directed by law to issue my opinion as to whether your determination, as custodian of the records, regarding the release of this record is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B). It is my opinion that your determination concerning the release of this record is consistent with the FOIA.
You have correctly determined that the requested record constitutes a "personnel records," within the meaning of the FOIA, and that it must therefore be released unless its release would constitute a clearly unwarranted invasion of the personal privacy of the individuals whose record it is. A.C.A. § 25-19-105(b)(10). It is my opinion that you have also correctly determined that the release of the rank order list would constitute a clearly unwarranted invasion of the personal privacy of the individuals on the list.
I have previously taken the position that although actual test scores can be released without the identities of the individuals who made the specific scores, I have also taken the position that actual scores should not be released in circumstances where the individuals' identities could be ascertained from the form in which the scores are released. See Ops. Att'y Gen. Nos. 99-016; 99-002; 97-177; 97-034; 97-033; 93-079; and 89-054.
The reasoning underlying this position has been stated as follows:
 [T]he public has a valid interest in knowing whether public employees possess a requisite level of skill to perform their duties. . . . Information indicating specific scores is not necessary in order to satisfy the public's interest in this matter. Moreover, specific score information is sufficiently private that its disclosure could subject the affected individuals to embarrassment or could affect future employment.
Op. Att'y Gen. No. 97-033 at 4. Accord, Young v. Rice, 308 Ark. 593,826 S.W.2d 252 (1992).
Under this same line of reasoning, it is my opinion that releasing a list showing how certain individuals ranked in their performance on a particular test in relation to each other would be tantamount to releasing their actual scores. The release of this information could subject some of these individuals to embarrassment and could affect their future employment. Under the standard set forth in Young, supra, this effect would constitute a clearly unwarranted invasion of these individuals' personal privacy.
You have proposed releasing an alphabetical list of persons who took the test, as well as the names of the employees who have been promoted. Although the FOIA does not require you to create records that do not already exist, see Ops. Att'y Gen. Nos. 2000-119; 98-075; 97-048, I note that a court might, in the interest of fulfilling the FOIA's goal of openness, look with favor upon such an approach.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which
I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh